# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 02-4126/4128

_____

United States of America,

        Appellee,

v.

Robert Gerard Horn,

        Appellant.

\* \
\* \
\* \
\* \
\*   Appeals from the United States \
\*   District Court for the Eastern \
\*   District of Missouri. \
\* \
\*       [UNPUBLISHED] \
\*

_____

Submitted: August 6, 2003
Filed: August 26, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

In September 2002, as his 60-month term of imprisonment neared completion, Robert Gerald Horn signed a document waiving his right to a hearing with the assistance of counsel on modifications to the conditions of his supervised release (release conditions). In November 2002, shortly after he began serving his supervised release, Horn filed two motions seeking to void his waiver. In the first motion, Horn argued that his right to a hearing on the modification of his release conditions under Federal Rule of Criminal Procedure 32.1(b) (amended Dec. 1, 2002) was not subject to waiver; in the other, Horn argued that his waiver was not knowing, intelligent, or voluntary. In its petition to modify Horn's release conditions, also filed in November

2002, the government argued that the modifications were necessary to promote effective supervision and community safety, but noted that Horn had "rescinded his agreement to the modification." By notation on the face of the motions, the district court summarily denied both of Horn's motions. The court also summarily approved the petition to modify Horn's release conditions. In this consolidated appeal, Horn challenges the denials of his motions.

Initially, we conclude that we have jurisdiction over these appeals. See 28 U.S.C. § 1291 (this court has jurisdiction over appeals from final decisions of district courts). Even though the notices of appeal designate the denials of Horn's motions to void his waiver, he clearly intended to challenge the district court's acceptance of his waiver and the modification of his release conditions without a hearing. See Sanders v. Clemco Indus., 862 F.2d 161, 164 n.3 (8th Cir. 1988) (when notice of appeal is technically defective because it fails to designate appeal as one from final judgment, court of appeals may treat appeal as taken from final judgment if appeal is otherwise properly taken and intent of appellant to appeal from final judgment is clear); United States v. Nelson, 988 F.2d 798, 810-12 (8th Cir. 1993) (court of appeals did not lack jurisdiction over appeal of modification of release conditions even though defective notice of appeal referenced district court's order staying enforcement of modification); United States v. Stocks, 104 F.3d 308, 310 (9th Cir.) (court of appeals had jurisdiction to consider appeal from ruling on validity of probationer's waiver of Rule 32.1(b) hearing), cert. denied, 522 U.S. 904 (1997).

The district court's summary denials of Horn's motions, and its summary grant of the petition modifying his release conditions, include no reasoning or explanation. We are thus unable to determine on what basis the court denied Horn's requests to void his waiver of rights. Hence, we remand this matter to the district court to determine whether Horn's waiver is valid or whether a hearing and assistance of counsel are necessary before modifying Horn's conditions of supervised release.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.