# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-4075

———————

United States of America,      *
    *
       Plaintiff - Appellee,     *
    *    Appeal from the United States
       v.     *    District Court for the District
    *    of Minnesota.
John A. Davies,     *
    *
       Defendant - Appellant.     *

———————

Submitted: June 15, 2004
Filed: August 16, 2004

———————

Before LOKEN, Chief Judge, BYE and MELLOY, Circuit Judges.

———————

MELLOY, Circuit Judge.

      John A. Davies appeals the district court's[1] modification of the conditions on his term of supervised release. Less than one year into Davies's three-year term of supervised release, his probation officer sought, and the district court imposed, a new condition: participation in an alcohol abuse program and periodic testing for alcohol

———————————

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

use. Davies challenges the modification on two grounds. First, Davies argues that the district court based the modified conditions on testimony from witnesses he was not able to confront. Second, he argues that the periodic alcohol testing involves a greater deprivation of liberty than is reasonably necessary. We find that the district court based the modification on evidence that was available to Davies and not on the hearsay testimony of an absent witness. Further, we find that the district court narrowly tailored the modified conditions of Davies's term of supervised release to address a specific concern, namely, the impact of alcohol use on Davies's mental health and alcohol as a contributing factor in Davies's two prior suicide attempts. Accordingly, we affirm.

I.

Davies owned and operated a business from July 1998 to April 2000. In this business, he served as a qualified intermediary to hold the proceeds of sales intended for the purchase of like kind property in accordance with the like kind exchange restrictions of the Internal Revenue Code. Davies represented to his clients that he would invest their sales proceeds in low-yield, conservative investments and pay them the investment proceeds in exchange for a fixed, per-transaction fee. Instead, he invested his clients' funds in risky, potentially high-yield investments with the intention of collecting for himself the difference between the actual investment returns and the low-yield returns promised to his clients. His risky investments resulted in losses that totaled approximately $2 million, and, in April 2000, he declared bankruptcy.

On May 1, 2000, Davies voluntarily committed himself to a hospital. He exhibited many depressive symptoms, including tearfulness, sleep disturbance, anxiety, hopelessness, and suicide ideation. He reported that he tried to commit suicide twice in the two weeks prior to his commitment, both times while intoxicated, by placing a bag over his head and by trying to hang himself. Testing indicated

-2-

severe depression with some compromise in thought process. According to Davies's presentence report, he never used illicit drugs, and, "[w]hen he was hospitalized in May, 2000, it was determined that his chemical intake should be closely monitored but he was not specifically diagnosed as chemical dependent." He was discharged on May 12, 2000, with improved symptoms and a final diagnosis of Major Depression and Personality Disorder.

On January 26, 2001, the government indicted Davies on two counts of wire fraud. Davies pleaded guilty, and, on April 19, 2001, received a sentence of thirty-four months imprisonment and three years of supervised release. The conditions on his term of supervised release included restrictions regarding employment in a fiduciary capacity and requirements for the disclosure of financial information. In addition, Davies was required to undergo psychiatric or psychological counseling. He began his term of supervised release on August 13, 2003, and has thus far complied with all the original conditions.

On November 5, 2003, Davies's probation officer petitioned the court to add the following condition:

> The defendant shall participate in a program for drug and alcohol abuse as approved by the probation officer. That program may include testing and inpatient or outpatient treatment, counseling or a support group.

In the petition, the probation officer stated, "Mr. Davies['s] presentence investigation as well as information received from the Bureau of Prisons indicates that the defendant has a significant alcohol problem which has in the past exacerbated his problem with depression." The probation officer indicated that Davies refused to consent to treatment or testing and strenuously resisted the proposed modification.

The district court held a hearing on December 9, 2003. No witnesses testified. At the outset of the hearing, the district court stated:

Now the reason the probation officer has recommended this for Mr. Davies, based on the presentence investigation and information from the Bureau of Prisons personnel, which leads him to believe that Mr. Davies does have or could have a problem with alcohol that exacerbates his depression, and as the probation officer spoke to me, he indicated it[']s not that he knows that's the case, but he wants to find out if that's the case, and that's the reason for the request for the change.

Later in the hearing, counsel for Davies objected to any reliance on information received from the Bureau of Prisons. The following exchange occurred between Davies's counsel and the district court:

Court: Well, let's make it very clear on the record what the court is relying on. The Court is relying on the recommendation of the probation officer, who in turn I think is relying on the PSI, and I'm relying on the PSI, and all that information has been before . . . Mr. Davies . . . .

Counsel: Is it truly the presentence investigation report and the information that is there and not any new information that is occasioning this modification?

Court: To my knowledge there is no new information. The probation officer did indicate that there was some comment or indication by the Bureau of Prisons personnel, but that's not information. I don't think we would have a hearing, and we couldn't get it out even if there were a hearing. What I'm going to be relying on and what I think the probation officer is relying on is that information contained in the PSI, something that has been before you and Mr. Davies all along, so it[']s not going to be a hearing or a need for one. I'm going to make some findings of fact in this case, and the Court will find that the representations of the probation officer that Mr. Davies may or is likely to suffer from an addiction to alcohol and that this condition may exacerbate his psychological problems.

The district court imposed the requested modification, and Davies appealed.

## II.

District courts enjoy broad discretion in the imposition or modification of conditions for terms of supervised release, and we review only for abuse of discretion. United States v. Behler, 187 F.3d 772, 778 (8th Cir. 1999); United States v. Cooper, 171 F.3d 582, 585 (8th Cir. 1999). Underlying questions regarding compliance with the rules of criminal procedure and the provision of due process, however, are purely legal questions that we review de novo. See United States v. Pardue, 363 F.3d 695, 697 (8th Cir. 2004); United States v. Reynolds, 49 F.3d 423, 426 (8th Cir. 1995) (conducting a de novo review of the procedure a district court employed in the application of Rule 32.1(a)(2)(D) without explicitly declaring a standard); United States v. Zentgraf, 20 F.3d 906, 908-09 (8th Cir. 1994) (same).

A district court may modify the conditions imposed on a term of supervised release even when, as in the present case, the modification is based only on evidence that was available at the original sentencing. This is because the statute that authorizes district courts to modify the conditions of supervised release does not require new evidence, nor even changed circumstances in the defendant's life. Rather, 18 U.S.C. § 3583(e)(2) provides that the district court:

> may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision[.]

The applicable Rules in the present case include Federal Rule of Criminal Procedure 32.1(c), which provides a right to a hearing and representation by counsel. The

comments to Rule 32.1(c) provide, "Probation conditions should be subject to modification, for the sentencing court must be able to respond to changes in the probationer's circumstances *as well as new ideas and methods of rehabilitation.*" Fed. R. Crim. Pro. 32.1(b) Advisory Committee Notes (1979) (Rule 32.1(c) was added in 1993) (emphasis added). Further, we previously stated that a "district court is free to modify the terms of supervised release at any time after considering factors such as the nature and circumstances of the offense or the history and characteristics of the defendant." Behler, 187 F.3d at 778 n.3. Accordingly, although it is inefficient to omit important conditions and later, upon further reflection, petition the court to incorporate such conditions, the relevant statutes and rules do not prohibit such practice.

Davies argues on appeal, as he did below, that the modification of the conditions upon his term of supervised release resulted from comments made by some unknown person at the Bureau of Prisons and that reliance on these hearsay comments violated both Rule 32.1(c) and the general protections of the Fifth Amendment's Due Process Clause. While it is true that the probation officer made vague reference to such a person, the district court, as quoted above, made it abundantly clear that the actual decision to impose an alcohol treatment and testing provision was based solely on information contained in the original presentence report. Our own review of the presentence report confirms this assertion. Davies suffered from depression. Alcohol exacerbated his depression. On two occasions he tried to commit suicide, and on both occasions, he was intoxicated. Davies received notice of the proposed modification, was represented by counsel during the hearing concerning the modification, and the information necessary to support the modification was contained in the presentence report. The fact that the probation officer might have been motivated by comments received from an unknown Bureau of Prisons employee does not change the fact that the district court properly relied on information contained in the presentence report to justify the modified conditions.

Regarding Davies's second argument, that the district court applied an overbroad and unnecessary condition on his term of supervised release, we find no abuse of discretion. The district court did not impose a total ban on the use of alcohol, as we approved under the facts of <u>Behler</u>, 187 F.3d at 779. Rather, the district court imposed a condition that empowers the probation officer to verify Davies's claims that he does not abuse alcohol. The district court did not "impose[] limitations on the basis of pure speculation or assumptions unrelated to the rehabilitative process." <u>Id.</u> Rather, the district court narrowly tailored the condition to address the specific concern regarding the fact that alcohol exacerbated Davies's mental health issues and led him, twice, to attempt suicide while intoxicated.

In short, there was no abuse of discretion as the added condition clearly relates to rehabilitation goals, is based on facts contained in the presentence report (facts that cannot be the basis of factual dispute since probation officers amended the report before initial sentencing to address Davies's earlier objections), and reflects a lesser deprivation of liberty than a complete ban on alcohol use.

The judgment of the district court is affirmed.

_____