# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1419

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Robert Gerard Horn, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 1, 2004
Filed:  October 12, 2004

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Following our remand in United States v. Horn, 76 Fed. Appx. 747 (8th Cir. Aug. 26, 2003) (unpublished per curiam), the district court[1] determined that when Robert Gerard Horn signed a document agreeing to modifications to the conditions of his supervised release, his waiver of his right to a pre-modification hearing with the assistance of counsel was knowing, intelligent, and voluntary.  Horn appeals again, and, having reviewed the record, which includes the hearing testimony of two probation officers who were present when Horn signed the waiver, we find no error

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

in the district court's conclusion.  See United States v. Stocks, 104 F.3d 308, 312 (9th Cir.) (standard of review), cert. denied, 522 U.S. 904 (1997).  Although the district court found that Horn had waived his hearing rights, the court nevertheless afforded Horn a hearing with the assistance of counsel and a chance to oppose the new conditions.  Given the testimony of Horn's psychological counselor at the hearing that the new conditions were necessary to protect the community and were needed for Horn's rehabilitation, we conclude the district did not abuse its discretion in adopting the proposed modifications.  See 18 U.S.C. § 3583(e) (after considering designated factors, district court may "modify, reduce, or enlarge the conditions of supervised release . . . pursuant to the provisions of the Federal Rules of Criminal Procedure");  United States v. Davies, 380 F.3d 329, 332 (8th Cir. 2004) (standard of review; district courts enjoy broad discretion in imposition or modification of conditions for terms of supervised release).  Horn's remaining contentions on appeal are meritless. See Fed. R. Crim. P. 32.1(c)(1) (requirements for modification of supervised release conditions).

Accordingly, we affirm the judgment of the district court.

_____