# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1957

_____

United States of America,

        Appellee,

v.

Pinkey McFarlin,

        Appellant.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States District Court for the Eastern District of Arkansas.

_____

Submitted: January 16, 2008
Filed: July 28, 2008

_____

Before LOKEN, Chief Judge, MURPHY, Circuit Judge, and JARVEY, District Judge[1]

_____

JARVEY, District Judge.

The government appeals from the imposition of a sentence of three years probation given to the defendant who pleaded guilty to conspiracy to distribute 102 grams of cocaine base between May and November 2004. We affirm the sentence of probation upon these unique facts.

_____

[1] Judge John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

Defendant Pinkey McFarlin was originally charged in a January 4, 2005, twenty-five count indictment alleging possession with intent to distribute Alprazolam and cocaine base (crack cocaine). On May 3, 2006, a superseding indictment added one count of witness tampering. The case proceeded to trial on November 6, 2006. At the close of evidence but before closing arguments, the parties reached an agreement pursuant to which the defendant pleaded guilty to an information charging a conspiracy to distribute 102 grams of crack cocaine.

Conspiracy to distribute more than fifty grams of crack cocaine ordinarily carries a mandatory minimum sentence of ten years in prison and a statutory maximum term of imprisonment of life. 21 U.S.C. § 841(b)(1)(A). However, the defendant's plea agreement called for a plea to an information charging a drug conspiracy in violation of 18 U.S.C. § 371, the general conspiracy statute. There is no mandatory minimum term of incarceration for a conspiracy alleged under 18 U.S.C. § 371. The statutory maximum term of imprisonment is five years. The plea agreement reflected the parties' belief that the defendant's sentencing guideline range of imprisonment would be between 97 and 121 months.[2] However, because the statutory maximum was lower than the guideline range, the sentencing guideline range became sixty months.

---

[2] The court notes that Defendant's base offense level was lowered by a recent amendment to the Guidelines. The amendment, which applies retroactively, reduces the base offense level for crack-cocaine offenses by two levels. See United States v. Johnson, 517 F.3d 1020 (8th Cir. 2008). Applying this amendment, the defendant's guideline range would be from 78 to 97 months imprisonment.

The district court[3] sentenced the defendant on March 22, 2007 to a three year term of probation to be "served" at the City of Faith facility in Little Rock, Arkansas. The court ordered that the defendant could leave that facility for employment, to participate in church activities and to attend family events such as birthday parties. However, after his placement at the City of Faith commenced, that placement was terminated by City of Faith due to its inability to handle the defendant's medical needs. On September 18, 2007, the district court[4] modified the defendant's probation conditions, pending the outcome of this appeal. The court placed him on home detention, allowing leave for medical care, mental health appointments, to meet with his attorney, and to attend church.

The record reveals that the defendant was 56 years old at the time of sentencing. He had undergone multiple heart surgeries in 2005 and 2006. In 2007 he received graft bypass surgery in his lower right leg. The defendant suffers from severe coronary artery disease, severe peripheral vascular disease, asthma, and other serious conditions. A letter submitted by his physician opines that defendant's life expectancy is from ten to twenty years less than the average African American male.

The sentencing record also shows that the defendant was taking eleven prescription drugs and multiple forms of eye drops. He has been diagnosed in the past with post-traumatic stress disorder, anxiety and depression. The defendant weighs 310 pounds. He suffers from sleep apnea, high blood pressure, gout, diabetes, a nerve root disease, asthma and bronchitis. His addiction to pain medication contributed to the criminal activity alleged in the indictment.

---

[3] The late Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

[4] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

-3-

There was also evidence in the record concerning the defendant's post-arrest rehabilitation. In fact, the defendant was installed as a preacher in the Church of God and Christ in Newport, Arkansas, in 2005. A defendant's post-arrest rehabilitation "is relevant in evaluating the § 3553(a) factors." United States v. Lazenby, 439 F.3d 928, 932 (8th Cir. 2006). Post-arrest rehabilitation must be "of an extraordinary nature outside the heartland of cases" and not "already accounted for by the guidelines's recommendations." United States v. Donnelly, 475 F.3d 946, 956 (8th Cir. 2007).

This court reviews a district court's sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 594 (2007). In conducting abuse-of-discretion review, we first evaluate whether the sentencing court committed a procedural error, such as miscalculating the Guidelines range, not treating the Guidelines as advisory, or failing to give reasons for a sentence. Id. at 597. A reviewing court must then evaluate the sentence for substantive reasonableness. A court "imposes an unreasonable sentence when it 'fails to consider a relevant factor that should have received significant weight; . . . gives significant weight to an improper or irrelevant factor; or . . . considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Mousseau, 517 F.3d 1044, 104 (8th Cir. 2008) (quoting United States v. Rouillard, 474 F.3d 551, 556 (8th Cir. 2007) (alteration in the original) (internal quotations omitted)). This court may consider the degree of variance, but a departure outside the Guidelines range need not be justified by "extraordinary circumstances." "We also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justification required for a specific sentence." Gall, 128 S. Ct. at 595. Rather, this court is to apply a "totality of the circumstances" analysis, taking into account the extent of the variance while giving deference to the district court. Id. at 597; see also United States v. Lehmann, 513 F.3d 805, 808 (8th Cir. 2008) ("[A]s we understand Gall, we now examine the 'substantive reasonableness of the sentence' by taking into account 'the totality of the circumstances, including the extent of any variance from the Guidelines range,' . . . and the strength of the stated justification,

while viewing the district court's decision through a 'deferential abuse-of-discretion' lens." (quoting Gall, 128 S. Ct. at 598).

The Guidelines and our decisions prior to Gall allow variances on the basis of poor health. U.S. Sentencing Guidelines Manual §§ 5H1.1; 5H1.4 (2007); United States v. Wadena, 470 F.3d 735, 739-40 (8th Cir. 2006). Guideline 5H1.4 states that a court may give a non-prison sentence if the defendant is "seriously infirm" and it would be "as efficient as, and less costly than, imprisonment." § 5H1.4. The Guidelines also provide that, when considering a defendant's age, a court may consider alternative forms of incarceration for an elderly, infirm defendant that would be "equally efficient" as incarceration. § 5H1.1. Further, Section 3553(a)(2)(D) states that a court may consider the need for medical care when determining a sentence. 18 U.S.C. § 3553(a)(2)(D).

A defendant can be sentenced to a term of probation of up to five years for a felony offense. 18 U.S.C. § 3561(c). The court may impose conditions of probation, including residence at a "community corrections facility . . . for all or part of their term of probation." Id. § 3562. The Guidelines echo the statute stating, "[r]esidence in a community treatment center, halfway house or similar facility may be imposed as a condition of probation." U.S. Sentencing Guidelines Manual § 5B1.3(e)(1) (2007). Neither the statute nor the Guidelines indicate a maximum length of confinement in a residential reentry facility. However, the supervised-release guidelines recommend a maximum of six months in a residential reentry facility when imposed as a condition of supervised release. § 5F1.1 cmt. n.1.

The Court may modify a probationer's conditions of probation at any time before the expiration of the probation period. 18 U.S.C. § 3563(c) (court may modify conditions); Fed. R. Crim. P. 32.1(a) (procedure for modification). The Committee Notes state, "Probation conditions should be subject to modification, for the sentencing court must be able to respond to changes in the probationer's circumstances

as well as new ideas and methods of rehabilitation." Fed. R. Crim. P. 32.1(b) Advisory Committee Notes (1979), quoted in United States v. Davies, 380 F.3d 329, 332 (8th Cir. 2004). Modification is a useful tool when the probationer's situation changes, a term in the conditions is ambiguous, or as recourse "in cases of neglect, overwork, or simply unreasonableness on the part of the probation officer." Id. Here, modification can still be considered as the defendant is no longer benefitting from the structure of a residential reentry center.

Based on all the facts set forth above, this Court finds that the sentence of probation was not unreasonable. We affirm the defendant's sentence.