**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0043n.06

No. 10-2124

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 12, 2012*
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. )
)
RAYMOND FRANK TEEPLE, )
)
    Defendant-Appellant. )
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

BEFORE: SILER and GRIFFIN, Circuit Judges; and TARNOW, District Judge.[*]

PER CURIAM. Raymond Frank Teeple appeals the district court's order modifying the conditions of his supervised release.

In 1999, Teeple pleaded guilty to engaging in a sexual act with a person under twelve years old, in violation of 18 U.S.C. § 2241(c), and abusive sexual contact with a person under twelve years old, in violation of 18 U.S.C. § 2244(a)(1). The district court sentenced him to 121 months in prison, to be followed by five years of supervised release under certain conditions. In 2010, while Teeple was on supervised release, a probation officer requested that the district court add to the conditions of Teeple's supervised release that he participate in sex offender assessment and

---

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

treatment, which may include physiological testing such as polygraph and ABEL assessment.[1] After conducting a hearing on the issue, the district court amended the judgment of conviction to add the additional condition to Teeple's supervised release.

On appeal, Teeple argues that the district court erred by imposing the additional condition because it was not necessitated by Teeple's conduct, it was not reasonably related to the relevant sentencing factors, and it constituted a greater deprivation of liberty than was reasonably necessary under the circumstances. We review the imposition of a supervised-release condition for abuse of discretion. *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006). A sentencing court may impose an additional condition of supervised release at any time prior to the expiration of the term, subject to three requirements: (1) the additional condition must be reasonably related to certain sentencing factors set forth in 18 U.S.C. § 3553(a); (2) it must involve no greater deprivation of liberty than is reasonably necessary for several sentencing purposes set forth in § 3553(a); and (3) it must be consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(1)-(3), (e)(2); *Carter*, 463 F.3d at 529. The district court may modify the conditions of supervised release regardless of whether circumstances have changed, *United States v. Begay*, 631 F.3d 1168, 1172 (10th Cir.), *cert. denied*, 131 S. Ct. 3010 (2011); *United States v. Davies*, 380 F.3d 329, 332 (8th Cir. 2004), or whether the defendant has violated his existing conditions. *United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir. 1997).

---

[1] The probation officer testified that ABEL assessment involves an examiner showing a client a series of images and looking for a physiological response demonstrating whether the client is stimulated by the images.

The district court did not abuse its discretion by imposing the additional condition on Teeple's supervised release. The probation office's use of polygraph testing, sex offender therapy, and other assessment tools is reasonably related to Teeple's status as a sex offender, the need to deter further criminal conduct and to protect the public, and Teeple's own correctional treatment. *See* 18 U.S.C. § 3583(d)(1). Further, the additional condition did not involve a greater deprivation of liberty than was reasonably necessary. The probation officer testified that Teeple would only be required to submit to an annual polygraph exam and that other assessment techniques and sex offender therapy would be utilized only if the polygraph exam demonstrated a need for them. The probation officer also testified that the therapy sessions, if necessary, would involve only a four-hour time commitment each week. Finally, Teeple has not demonstrated that the additional condition is inconsistent with any pertinent policy statement issued by the Sentencing Commission.

Accordingly, we affirm the district court's order.