**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 29, 2014
Decided November 19, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-1285

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of |
| | Indiana, Hammond Division. |
| *v.* | |
| | No. 12 CR 165 |
| KEVIN P. BREWSTER, | |
| *Defendant-Appellant.* | Joseph S. Van Bokkelen, |
| | *Judge.* |

**O R D E R**

Kevin Brewster pled guilty to possessing and producing child pornography after he sexually abused two of his young daughters and videotaped some of that abuse. Brewster appeals the sentence of thirty-five years' imprisonment followed by twenty years of supervised release that he received. We reject his argument that the district court erred by stating that Brewster "forced" his daughter to engage in sexual conduct, as it is clear that by that term the district court meant that Brewster's six-year-old daughter would not have engaged in sexual acts with her father voluntarily and was

coerced by Brewster to do the things she did. We also find no error in the imposition of polygraph testing as a condition of supervised release, especially since Brewster was of the mind that no one was hurt by his conduct. We leave for another day the challenge to a condition of supervised release that bars a defendant from frequenting places where minors congregate, and we affirm the judgment of the district court.

## I. BACKGROUND

Brewster lived with his wife and their three daughters in Portage, Indiana. While his wife worked full time, Brewster stayed home with the children. For years, while he was home alone with the children, Brewster sexually abused his oldest daughter. The abuse began, at the latest, when his daughter was six years old, and it may have started even earlier. Three or four times a week, Brewster would call his oldest daughter to the basement and have her perform oral sex on him. He also made her watch pornographic videos and tried unsuccessfully to engage in intercourse with her. Brewster often required his daughter to engage in sexual conduct with him before he would allow her to do such things as play outside, play a video game, or do other activities that required his permission.

When his second daughter turned three or four, Brewster began making her perform oral sex on him as well. She told her mother, who searched the basement and found videos of Brewster engaged in sexual misconduct with their oldest daughter. The children's mother notified law enforcement. The authorities' search revealed that Brewster had videotaped his molestation of his oldest daughter at least twenty times.

Kevin Brewster pled guilty to four counts of producing child pornography in violation of 18 U.S.C. § 2251(a), one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2), and one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4). Brewster raised one objection to the presentence report, claiming that he had never molested his oldest daughter other than the incidents documented on the videotapes. He also submitted a letter to the court stating that he "took way better care of my babies than anyone else" and that his children "never got hurt." At the sentencing hearing, the government presented an investigating officer's testimony, recorded interviews of the two daughters describing the abuse, a prepared statement read by the victims' mother, and a prepared statement read by the oldest daughter.

The district court overruled Brewster's objection and also concluded Brewster had falsely denied the extent of his abuse, so it declined to grant him a reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. Although Brewster had a criminal

history category of I, his advisory guidelines range in light of his egregious conduct was life imprisonment. The district court imposed a sentence of 420 months' imprisonment and twenty years of supervised release upon Brewster, who was forty-one years old at the time of the sentencing hearing. As part of the explanation for its choice of sentence, the district court stated that Brewster had "repeatedly forced" his daughter to perform sexual acts on him. Brewster later pled guilty in state court to child molestation charges. The state court sentenced him to thirty years' imprisonment, twenty-five of which he is expected to serve in custody, and ordered that the term be served consecutively to his federal sentence. Brewster appeals his federal sentence to us.

## II. ANALYSIS
### A. Sentence Not Based on Erroneous Information

Brewster first argues that the district court relied on erroneous information when it sentenced him because the court stated at sentencing that Brewster "repeatedly forced a child, at least from the age of six, to perform oral sex on him." A district court commits a procedural error if it imposes a sentence based on clearly erroneous facts. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Brewster did not raise this objection at sentencing, so our review is for plain error. *See United States v. Corona-Gonzalez*, 628 F.3d 336, 340 (7th Cir. 2010).

At sentencing, as it explained its choice of sentence, the district court stated:

> In particular, the Court has considered the nature and circumstances of the offense. The defendant has repeatedly forced a child, at least from the age of six, to perform oral sex on him and performed oral sex on her along with other acts of sexual abuse and degradation and videotaped some of these acts.

Brewster argues that he did not use "force" because there was no evidence that he used any physical violence, constraint, or anything else along those lines. As a result, he contends his case must be remanded for resentencing. We have remanded cases for resentencing even on plain error review when a sentence was based on an erroneous or potentially erroneous fact. *See Corona-Gonzalez*, 628 F.3d at 342-43; *United States v. Durham*, 645 F.3d 883, 900 (7th Cir. 2011) (concluding that "a sentence potentially based on an erroneous fact affects the fairness, integrity, and public reputation of the proceeding").

Here, however, the district court did not base the sentence on a potentially erroneous fact. The court was not using "force" to mean that Brewster used physical

violence or constraint. "Force" can also mean "to make (someone) do something that he or she does not want to do." Merriam-Webster (2015) http://www.meriam-webster.com/dictionary/force. The record is clear that Brewster's eldest daughter did not want to engage in sexual acts with him but did so only because he required her to do so, for instance before she could participate in such childhood activities as playing outside or playing with a friend. The court was not using "force" to mean "physical force." Rather, it was using "force" in the sense that a six-year old girl would not have engaged in these acts with her father voluntarily and was coerced by Brewster to do the things she did.

The district court's comments immediately following the statement at issue further demonstrate that the court was not referring to acts of physical violence when it said Brewster had "forced" his daughter to do things. After the statement at issue, the district court recounted that Brewster showed his daughter pornography so she would think it was normal for a young girl to engage in sexual activities including performing oral sex, and it noted that Brewster "conditioned privileges on her performing oral sex." The inference from these statements is that the district court's reference to "force" was to making Brewster's daughter do something she did not want to do, not to acts of physical violence or constraint.

The district court did not misunderstand the record or base Brewster's sentence on a factual error. There was no plain error when the district court characterized Brewster as having "repeatedly forced" his young daughter to perform sexual acts on him for multiple years.

### B. Special Conditions of Supervised Release

Brewster also challenges two conditions of supervised release imposed on him.[1] He did not object to their imposition during the sentencing hearing. We have on several occasions declined to resolve whether a special condition of supervised release imposed at sentencing without prior notice should be reviewed for plain error or an abuse of discretion. *See, e.g., United States v. Farmer*, 755 F.3d 849, 853-54 (7th Cir. 2014); *United States v. Shannon*, 743 F.3d 496, 499 (7th Cir. 2014); *United States v. Goodwin*, 717 F.3d 511, 522-23 (7th Cir. 2013). We need not resolve that issue here.

---

[1] Brewster's opening brief on appeal also raised a challenge to a condition of supervised release that banned him from accessing pornography and sexually stimulating material. The district court modified this condition after our decision in *United States v. Adkins*, 743 F.3d 176 (7th Cir. 2014), and Brewster's reply brief asserts that he is satisfied with that resolution.

### 1. Polygraph Examinations

The first condition Brewster challenges is the requirement that he "submit to polygraph examinations as a means to insure compliance with program requirements and restrictions." Every circuit to consider the issue has upheld the imposition of polygraph testing as a condition of supervised release, at least where the circumstances call for it. *United States v. York*, 357 F.3d 14, 22-23 (1st Cir. 2004); *United States v. Johnson*, 446 F.3d 272, 277-78 (2d Cir. 2006); *United States v. Lee*, 315 F.3d 206, 213-14 (3d Cir. 2003); *United States v. Dotson*, 324 F.3d 256, 261 (4th Cir. 2003); *United States v. Locke*, 482 F.3d 764, 767-68 (5th Cir. 2007); *United States v. Teeple*, 447 Fed. App'x 712, 713 (6th Cir. 2012) (unpublished); *United States v. Wiedower*, 634 F.3d 490, 493-94 (8th Cir. 2011); *United States v. Weber*, 451 F.3d 552, 568 (9th Cir. 2006); *United States v. Begay*, 631 F.3d 1168, 1175-76 (10th Cir. 2011); *United States v. Taylor*, 338 F.3d 1280, 1283-84 (11th Cir. 2003). Our sister circuits have found polygraph testing especially appropriate for defendants who have "resisted honest self-assessment" or who have not been candid with the court. *See Johnson*, 446 F.3d at 278; *Wiedower*, 634 F.3d at 494. We have also upheld the imposition of polygraph testing as a condition of supervised release over a Fifth Amendment challenge, while noting that a defendant on supervised release retains the ability to invoke his right under the Fifth Amendment to be free from self-incrimination, including in a polygraph examination. *See United States v. Kappes*, 782 F.3d 828, 855-56 (7th Cir. 2015); *cf. United States v. Rainey*, 797 F.3d 454, 463 (7th Cir. 2015) (no error in admission of polygraph evidence at revocation hearing where no indication that court weighed this evidence in its decision).

The district court did not err in imposing this condition of supervised release to ensure Brewster's compliance. Despite Brewster's horrific conduct, he wrote a letter to the court in which he portrayed himself as a good father, even saying that he "took way better care of [his] babies than anyone else." Brewster also maintained at sentencing that he only molested his older daughter on the occasions documented in videotapes found in his home. The district court very reasonably rejected this contention and credited his daughters' statements to the contrary. In light of the evidence here, including videotapes, the district court was justified in imposing polygraph examinations as a condition of release in light of Brewster's lack of "honest self-assessment." *See Johnson*, 446 F.3d at 278. We also note that the length of Brewster's consecutive federal and state sentences means that under current law he would be over the age of ninety-five should he ever be released from prison. At that point, Brewster is free to ask the court under 18 U.S.C. § 3583(e)(2) to modify or remove the polygraph testing condition if technological advances or other circumstances mean the condition is no longer appropriate. *See* 18 U.S.C. § 3583(e)(2).

## 2. Prohibition on Frequenting Places Where Minors Congregate and Communication with Minors

Brewster also challenges a special condition of supervised release that prohibits him from frequenting certain places and from many communications with minors. The language of the special condition mandates that he

> shall not frequent places where children under the age of 18 congregate, nor associate or have verbal, written, telephonic or electronic communication with any person under the age of 18, without the permission of the probation officer. This provision does not encompass persons under the age of 18 with whom the defendant must deal in order to obtain ordinary and usual commercial services.

Brewster argues that this condition is overbroad and vague. We have said that while supervised release conditions that bar nearly all contact with minors "may be appropriate in certain circumstances, we caution that these circumstances are less common than the government suggests." *Goodwin*, 717 F.3d at 524. Brewster's abhorrent conduct, however, warrants a ban; he sexually abused and exploited his own young daughters, even repeatedly documenting his abuse of one of his daughters on videotape. *Cf. id.* (remanding where failure-to-register offense did not involve a child victim and it was unclear why court imposed condition banning contact with minors). The special condition here also includes the explicit caveat that its ban does not apply to minors the defendant might encounter in the ordinary course of business, which distinguishes it from the condition we discussed in *United States v. Taylor*, 796 F.3d 788, 795-96 (7th Cir. 2015), where the condition did not include such an exception.

Brewster also maintains that the condition does not provide him with clear guidance as to where children under the age of 18 "congregate" or what it means to "frequent" a place, and that the condition is therefore vague. We note too that the condition does not contain a scienter requirement. *Cf. United States v. Marvin,* 2015 WL 2404380, at *6 (N.D. Ind. May 20, 2015) (modifying similar condition to add "knowingly or intentionally" before the banned conduct). Brewster's counsel acknowledged that the arguments regarding this condition really only mattered if we were to accept the argument that the sentence was based on erroneous information because then a shorter sentence might be possible, but we rejected that argument. Given the length of Brewster's sentence, this is not the case to resolve the propriety of this condition of supervised release for all persons. In the vast majority of cases we resolve challenges to supervised release conditions on direct appeal, for reasons including the presence of counsel on direct appeal. Here, though, Brewster was forty-one years old when he was given a thirty-five

year federal sentence, and that was followed by a later-imposed thirty-year state sentence that will run consecutively to the federal one. He will likely spend the rest of his life in prison. In this unique circumstance, we note that if Brewster ultimately is released from prison, he may petition the district court to modify the condition if he then objects to it. *See Kappes*, 782 F.3d at 859 (declining to set aside no-contact with minor provision that applied to both males and females "[g]iven that Kappes was sentenced to a 20-year term of imprisonment at the age of 47, we think that any violation of his rights by this condition is too contingent to be ripe for review at this time" and that he could petition for modification after release from custody); 18 U.S.C. § 3583(e)(2).

### III. CONCLUSION

The judgment of the district court is AFFIRMED.