# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2162
_____

United States of America

*Plaintiff - Appellee*

v.

Cornail Hill

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 20, 2015
Filed: January 19, 2016
[Unpublished]
_____

Before RILEY, Chief Judge, BEAM and KELLY, Circuit Judges.
_____

PER CURIAM.

Cornail Hill pleaded guilty to possession with intent to distribute crack cocaine and was sentenced to 57 months in prison in 2009. In September 2011, Hill was released and began his three-year term of supervised release from prison. One of the conditions of supervised release was to abstain from using controlled substances. In March 2014, he was charged with two violations of the conditions of supervised

release–testing positive for THC metabolite on three occasions, manipulating a urine sample to avoid detection of THC metabolite on two other occasions, and not attending an adequate number of drug treatment meetings. At the revocation hearing, Hill denied manipulating the tests but admitted smoking marijuana. For this admitted violation, the district court,[1] noting both Hill's drug addiction and excellent work history upon release, sentenced Hill to one day of incarceration followed by three years of supervised release. The court further ordered Hill to submit to urine-sample drug testing once a month, and included the new condition that every failed drug test would cost Hill $100. If Hill had no "dirty" urine tests and "no other [supervised release] violations" after one year, the court stated it would end Hill's supervision at that time, two years early. Hill did not appeal the district court's one-day sentence and new condition (the monthly drug testing) of supervised release.

Hill failed four consecutive drug tests and was soon again before the court on a petition alleging violations of his supervised release. Once again, Hill admitted using marijuana. Hill was also cited for failing to pay $400 in fines resulting from his failed urine tests, but this charge was dropped and the court ultimately remitted the fines. For the admitted violation of using marijuana, the district court revoked Hill's supervised release and sentenced him to six months in prison. Hill objected to the imposition of a prison sentence, arguing that at the prior revocation hearing, the district court indicated the only penalty for drug use and failed drug tests would be a $100 fine for each violation. The district court disagreed. Hill presses this same argument on appeal, arguing that a prison sentence in these circumstances violates both due process and double jeopardy.

We review the district court's revocation sentence for an abuse of discretion. United States v. Ceballos-Santa Cruz, 756 F.3d 635, 637 (8th Cir. 2014). District

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

courts have broad discretion in imposing special conditions of supervision and in modifying the original terms of supervision in order to respond to changes in the probationer's circumstances. United States v. Davies, 380 F.3d 329, 332 (8th Cir. 2004). Whether the district court's sentence violated due process or other constitutional provisions is a legal question we review de novo. Id.

We find that the district court's revocation sentence did not violate due process. The district court's oral pronouncement that it was imposing a new special condition of supervised release–the monthly drug testing–did not relieve Hill of his obligation to follow the original terms of supervised release. The district court stated at the original revocation sentencing hearing that in addition to the new obligation to submit to monthly urinalysis, Hill must not have any other violations in order to gain early release from supervision. Thus, Hill was not relieved of the consequences of violating the terms of supervision, and was still subject to a sentence of imprisonment for violating the condition that he refrain from using illegal drugs. Hill's interpretation that the only condition of supervised release after his first revocation was to submit to drug testing, and that the only consequence of failure was to pay a $100 fine for each violation, does not comport with the record. Nor does the district court's six-month sentence violate double jeopardy. See United States v. Bennett, 561 F.3d 799, 802 (8th Cir. 2009) (holding that double jeopardy concerns do not arise in revocation proceedings). Because the six-month sentence was not an abuse of the district court's discretion, we affirm.

_____