16-3809-cr
*United States v. McKiver*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand seventeen.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                     No. 16-3809-cr

JEFFREY McKIVER,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:                    Neil B. Checkman, Georgia J. Hinde,
                                                             New York, NY.

1

For Appellee:                                                Jennifer Gachiri, Drew Skinner, Karl
                                                             Metzner, Assistant United States
                                                             Attorneys, *for* Joon H. Kim, Acting
                                                             United States Attorney for the Southern
                                                             District of New York, New York, NY.


Appeal from the United States District Court for the Southern District of New York

(Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Jeffrey McKiver appeals from the judgment of the United States District Court

for the Southern District of New York (Berman, *J.*) sentencing him principally to 68 months'

imprisonment and five years of supervised release for one count of distributing and possessing

with the intent to distribute over 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1),

(b)(1)(B). On August 22, 2014, officers from the New York City Police Department detained

McKiver after observing a knife protruding from his pants pocket. During a search of McKiver's

backpack, the officers found, among other things, over 100 grams of heroin packaged for resale.

McKiver pleaded guilty to the charge against him, which carried a mandatory minimum of five

years' imprisonment. *Id.* § 841(b)(1)(B). The probation office, and the district court at

sentencing, calculated a Sentencing Guidelines range of 70 to 87 months' imprisonment based on

a total offense level of 23 and a criminal history category of IV. We assume the parties'

familiarity with the remaining facts and the procedural history of the case.

The sole issue on appeal is whether McKiver's sentence was substantively unreasonable.

We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion

standard," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v.*

*United States*, 552 U.S. 38, 41 (2007)), and vacate a sentence as unreasonable "only in the proverbial 'rare case'" in which "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

McKiver principally argues that his sentence is substantively unreasonable because he has, from his pretrial detention to the present, received insufficient medical care for a fractured hand and sleep apnea, among other medical conditions. We are not persuaded. The district court expressly accounted for those conditions, as well as the remaining factors set forth in 18 U.S.C. § 3553(a), in sentencing McKiver to a below-Guidelines term of 68 months' imprisonment. We cannot conclude that the district court's decision to impose a sentence slightly above the mandatory minimum, but below the Guidelines range, was unreasonable.[1]

McKiver cites no authorities to the contrary. Only one of the decisions he cites even reviewed a district court's sentence, and that decision held only that a district court *may* impose a non-custodial sentence to a defendant living with medical conditions much more serious than McKiver's. *United States v. McFarlin*, 535 F.3d 808 (8th Cir. 2008). McKiver's remaining cases merely illustrate that other district courts have taken a similar approach, but none of the sentences imposed therein were subject to appellate review. *See, e.g.*, *United States v. Amarante*, No. 08-CR-76, 2008 WL 4427917, at *1 (E.D.N.Y. Sept. 22, 2008); *United States v. Willis*, 322 F. Supp. 2d 76, 84–85 (D. Mass. 2004). These decisions therefore provide no basis to argue that

---

[1] Although we conclude that McKiver's medical conditions do not render his sentence substantively unreasonable, we note that there are other avenues for McKiver to challenge his medical care as inadequate. *See, e.g.*, *Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003) (discussing 42 U.S.C. § 1983); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing 28 U.S.C. § 2241).

the district court here lacked discretion to differently weigh McKiver's medical conditions, along with the remaining Section 3553(a) factors, in arriving at an individualized sentence modestly above the mandatory minimum.

McKiver also urges that the district court erred by imposing a five-year term of supervised release, instead of the four-year term recommended by the probation office. However, because McKiver makes no effort to show that the five-year term is "shockingly high," *Rigas*, 583 F.3d at 123, we cannot conclude that this aspect of McKiver's sentence is substantively unreasonable.

We have considered all of McKiver's remaining arguments and conclude they have no merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4