# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2851

_____

United States of America

*Plaintiff - Appellee*

v.

Randall Allen Herbst

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: May 3, 2021
Filed: May 10, 2021
[Unpublished]

_____

Before COLLOTON, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Randall Herbst is serving a term of supervised release in connection with his conviction for a sex offense. Included among the conditions is participation in polygraph testing. In the face of a claim that it may be unsafe in light of a health

issue, the district court[1] added a condition requiring him to allow his probation officer or a polygraph examiner to speak with his doctor. Though he challenges this modification, we affirm.

We conclude that the district court did not abuse its discretion. *See United States v. Davies*, 380 F.3d 329, 332 (8th Cir. 2004) (reviewing the modification of the conditions of supervised release for an abuse of discretion). The record shows that the modification was reasonably necessary to enforce his existing obligation to participate in polygraph testing. *See id.* (discussing a district court's "broad discretion" when modifying release conditions); *cf. United States v. Newell*, 915 F.3d 587, 590–91 (8th Cir. 2019) (affirming the imposition of a condition requiring polygraph testing). We also decline to address the ineffective-assistance-of-counsel claim raised in Herbst's pro se brief. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (explaining that this type of claim is "usually best litigated in collateral proceedings").

We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.