UNITED STATES of America

v.

Randi COLLOTTA and Christopher Collotta, Defendants.

No. 07 Cr. 0143(VM).

United States District Court,
S.D. New York.

June 16, 2008.

---

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Defendant Randi Collotta ("Collotta") was convicted following a guilty plea before the Court of insider trading and fraud in violation of the federal securities laws. The stipulated Sentencing Guidelines range for her offenses was 12 to 18 months imprisonment. The Court granted Collotta a substantial variance from the Guidelines range. It sentenced her to four years' probation, including six months of home confinement and 60 days of intermittent confinement during nights, weekends or other periods of time to be arranged by mutual agreement with the Bureau of Prisons. This sentence reflected the Court's recognition of the unique circumstances presented by Collotta's case, in particular the extraordinary family hardship any long term incarceration may cause to Collotta's husband and co-defendant, Christopher Collotta, who suffers from a combination of severe illnesses and needs constant medical care and personal attention. But the Court also took into consideration the seriousness of Collotta's offenses, and deter-

mined that some period of incarceration was necessary to adequately reflect other proper objectives of sentencing.

Collotta now moves for a modification of the conditions of probation to do away with the 60 days of incarceration and instead permit her to serve 60 more days of home confinement. The Government has opposed the application. For the reasons stated below, Collotta's request is DENIED.

The conditions of probation may be modified pursuant to 18 U.S.C. § 3563(c) upon a sufficient showing of the supporting conditions that prevailed at the time probation was initially imposed, and ordinarily may be warranted only "to account for new or unforeseen circumstances." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997). Collotta presents nothing new or unforeseen to justify the modification she seeks. The Court fully took into account Collotta's need to care for her husband. It considered, and remains persuaded, that given the four-year period which Collotta has been granted to comply with the intermittent incarceration, the ample flexibility the Court allowed for Collotta to schedule the days of custody with the BOP during that time, and the availability of other family members to assist with the care of her husband during Collotta's absence, the imprisonment condition should present no significant hardship for Collotta to fulfill.

### ORDER

For the reasons stated above, the request of defendant Randi Collotta to modify the conditions of her probation is DENIED.

**SO ORDERED.**