[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11083
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-00027-MP-GRJ-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOMANEK ALLEN WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 5, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Domanek Williams appeals the district court's modification of his supervised release terms and conditions. On appeal, he argues that: (1) the district court did not say why it made the modification, which it was required to do; (2) the district court is only permitted to make such a modification upon a finding of a violation; (3) supervised release is intended to be rehabilitative, and this modification is punitive because it prevents Williams from having contact with his intimate partner; and (4) the district court did not allow him an opportunity to address the new supervised release condition. After careful review, we affirm.

We review a district court's sentencing decisions for abuse of discretion. United States v. Irey, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc).

The district court is permitted, after considering the § 3553(a) factors, to "modify, reduce, or enlarge the conditions of supervised release . . . pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2). Under the Rules, the district court must hold a hearing before modifying the conditions of supervised release. Fed.R.Crim.P. 32.1(c)(1). At the hearing, the defendant must have "the right to counsel and an opportunity to make a statement and present any information in mitigation." Id. The Rules of Criminal Procedure provide a list of circumstances in which this hearing is not required. See Fed.R.Crim.P. 32.1(c)(2).

2

There is no requirement that the district court make findings of fact to support its modification. Fed.R.Crim.P. 32.1. Indeed, the Tenth Circuit has explained that "[t]here is no clause in subsection (e)(2) which requires the district court to make additional findings before it can modify conditions of supervised release." United States v. Begay, 631 F.3d 1168, 1171-72 (10th Cir. 2011), cert. denied, 131 S.Ct. 3010 (2011).

As an initial matter, we find no merit to Williams's claim that the district court did not provide him with an opportunity to address the new supervised release condition. As the record shows, after the district court relayed the modification and asked Williams whether he understood it, it specifically asked Williams if he wanted to say anything else. Williams responded, "No sir." Thus, the district court provided him with an opportunity to raise an argument, and he failed to do so.

Moreover, the district court did not abuse its discretion when it modified Williams's supervised release -- by imposing the condition that Williams have no contact with a friend, Emily Smith -- without articulating its reasons. For starters, the record supports the district court's new condition. When the probation officer alleged that Williams violated his supervised release, the district court held a hearing, and Williams presented evidence and was represented by counsel. At the hearing, evidence was submitted concerning the explosive relationship between

Williams and Smith -- evidence that supports the conclusion that the district court's no-contact condition would protect Williams against future violent encounters with Smith that could lead to violations of other terms of supervised release. What's more, in modifying Williams's supervised release, there were no statutory or rule-based requirements that the district court had to follow except to consider the § 3553(a) factors, and there were no statutes or case law that required the district court to make specific findings before modifying the supervised release. As a result, we cannot find any abuse of discretion.

**AFFIRMED.**