FILED
United States Court of Appeals
Tenth Circuit

**May 26, 2016**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　　Plaintiff - Appellee,

v.

GEORGE WARREN,

　　　Defendant - Appellant.

No. 15-3177
(D.C. No. 2:03-CR-20160-KHV-1)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

---

Defendant-Appellant George Warren appeals from the district court's denial of his motion for early termination of his twelve-year supervised release term. United States v. Warren, No. 03-20160-01-KHV (D. Kan. July 17, 2015). Mr. Warren has completed over six years of that term and the district court indicated that it would reconsider the matter after July 1, 2017 given another motion. On appeal, Mr. Warren raises both procedural and substantive challenges to the district court's denial. Procedurally, he argues the district court erred in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

failing to address his nonfrivolous arguments, failing to consider the statutory factors in 18 U.S.C. § 3553(a), and failing to provide an adequate explanation for the denial of his motion. Substantively, Mr. Warren argues the district court improperly ignored his recent good behavior, his participation in drug treatment, his successful reintegration into society, his role as a father to two young children, and his probation officer's decision not to oppose termination.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1); United States v. Begay, 631 F.3d 1168, 1171-72 (10th Cir. 2011). We review the district court's denial of Mr. Warren's motion for an abuse of discretion. Rhodes v. Judiscak, 676 F.3d 931, 933 (10th Cir. 2012).

To be sure, § 3583(e)(1) requires consideration of § 3553(a) when a district court *terminates* supervised release. However, it is unclear whether § 3583(e)(1) requires consideration of the § 3553(a) factors when denying a motion to terminate supervised release. In any event, given the right to appeal, we need a meaningful basis for appellate review.

In denying Mr. Warren's motion, the district court noted that Mr. Warren had violated conditions of supervision, and although he was doing well now, the

court determined continued supervision "would be helpful and is necessary to ensure that defendant continues to adjust to his release after prison." Id. While neither the court's disposition nor the government's response explicitly reference § 3553(a), it is clear that the court considered the relevant factors — addressing Mr. Warren's history and characteristics, § 3553(a)(1), and discussing the need to provide him with effective correctional treatment, § 3553(a)(2)(D). Even in the initial sentencing context where a district court has a duty to consider all of the § 3553(a) factors, we have never required a discussion of each and every factor. United States v. Ruiz-Terrazas, 477 F.3d 1196, 1201-02 (10th Cir. 2007). Absent evidence to the contrary, we presume that the district court knows and applies the law. Id. Here, it is apparent from the record and the court's order that the district court considered the parties' positions and then exercised its discretion to deny the motion. More is not required. See United States v. Verdin-Garcia, – F.3d – (10th Cir. 2016).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge