**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PHILIP ANDRA GRIGSBY,

    Defendant - Appellant.

No. 17-3275
(D.C. No. 6:12-CR-10174-JTM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Philip Grigsby, a federal prisoner proceeding pro se,[1] appeals the district court's order denying his request to modify an order prohibiting him from contacting his children. We conclude that the district court acted well within its discretion. Accordingly, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings, but we won't act as Grigsby's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## Background

Grigsby pleaded guilty in 2013 to nine charges related to the production and possession of child pornography and one charge of being a felon in possession of a firearm. The district court sentenced Grigsby to 260 years in prison. At the request of their mother, the district court included two separate provisions in its judgment prohibiting Grigsby from contacting his two children—one of whom was a victim of Grigsby's crimes. The district court imposed one of these provisions as a special condition of supervised release and the other as a standalone order accompanying Grigsby's prison sentence.

On direct appeal, Grigsby only challenged the substantive reasonableness of his sentence. We affirmed. *See United States v. Grigsby*, 749 F.3d 908, 908–09 (10th Cir. 2014). Grigsby has since unsuccessfully filed multiple 28 U.S.C. § 2255 motions to vacate his sentence. *See United States v. Grigsby*, 715 F. App'x 868, 869 (10th Cir. 2018) (unpublished). Late last year, Grigsby filed a motion in district court requesting that it modify the order preventing him from contacting his children while in prison. Grigsby explained that he was five years into his sentence and had completed a number of psychological, vocational, and religious programs. In light of his progress, he asked the district court to modify the order to allow him to communicate with his children under the Bureau of Prison's supervision.

The district court commended Grigsby on his progress but concluded that it wasn't "appropriate to remove the no[-]contact order." R. 94. The district court elaborated that Grigsby didn't "present any evidence that his participation in the

2

programs [was] to the point where his treatment providers [were] recommending contact with his children." *Id.* Moreover, it explained that Grigsby didn't "present any information showing that contact with his children would be in their best interest." *Id.* Grigsby appeals.

**Analysis**

Initially, to ensure that the district court had jurisdiction to hear Grigsby's motion to modify, we must resolve how to classify that motion. The district court didn't specify how it interpreted the motion, but the parties treat it as a motion to modify Grigsby's conditions of supervised release. *See* 18 U.S.C. § 3583(e). Yet Grigsby makes clear in his motion and his briefing on appeal that he's challenging the district court's order that he not contact his children while *in custody*—that is, he's challenging the district court's standalone order instead of the condition of supervised release. And because the plain language of § 3583 deals only with conditions of "supervised release *after* imprisonment," it doesn't govern the no-contact order that Grigsby challenges. § 3583 (emphasis added).

As this is not a § 3583 motion, it must be one of two things: (1) a second or successive § 2255 motion, or (2) a Federal Rule of Civil Procedure 60(b) motion seeking relief from a civil judgment. We conclude that Grigsby's motion is the latter. The district court's no-contact order is a civil injunction pursuant to its ancillary jurisdiction—not a part of Grigsby's sentence that he must attack under § 2255.[2] *See*

---

[2] If the motion were the former, then the district court would have lacked jurisdiction to rule on it because Grigsby didn't seek our permission to file a second

3

*United States v. Morris*, 259 F.3d 894, 900–01 (7th Cir. 2001) (upholding order forbidding defendant from contacting child victim as exercise of district court's inherent power to protect administration of justice in criminal matters); *cf. United States v. Wingfield*, 822 F.2d 1466, 1470 (10th Cir. 1987) (explaining that district courts exercising criminal jurisdiction have ancillary jurisdiction over the "case or controversy in its entirety"). Accordingly, we read Grigsby's motion as a motion for relief from judgment pursuant to Rule 60(b)(5), which allows relief from a judgment when "applying it prospectively is no longer equitable." *See United States v. Holland*, 214 F.3d 523, 526 (4th Cir. 2000) (explaining ancillary motion in criminal case should be treated as civil if it concerns private injury instead of guilt and punishment); *cf. United States v. Morales*, 807 F.3d 717, 722 (5th Cir. 2015) (treating criminal defendant's post-conviction motion to modify discovery protection order as civil motion for purpose of Federal Rule of Appellate Procedure 4).

We review the denial of a Rule 60(b) motion for abuse of discretion and reverse only "if a definite, clear[,] or unmistakable error occurred below." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005)). Grigsby first argues that the district court should have granted him relief because he has made substantial progress towards his rehabilitation in prison. We cannot conclude that the district

---

or successive § 2255 motion. *See* § 2255(h); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization.").

4

court unmistakably erred when it determined that Grigsby's progress doesn't warrant modifying the no-contact order. Given the severity of Grigsby's crimes,[3] it was reasonable for the district court to require more concrete evidence that contact between Grigsby and his children would be in the children's best interest before modifying the no-contact order.[4]

Grigsby next argues that the no-contact order is an unconstitutional restraint on his right to familial association. But Rule 60(b) affords him no relief on that ground. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (explaining that Rule 60(b) relief may not be granted on arguments and supporting facts available at time of judgment). Grigsby should have raised this argument on direct appeal. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) ("A Rule 60(b) motion is not intended to be a substitute for a direct appeal.").[5]

Grigsby also argues that his mother has been prevented from seeing his children (her grandchildren). But the district court didn't unmistakably err by

---

[3] In affirming Grigsby's sentence on direct appeal, "[w]e decline[d] to recount the heinous facts underlying [his] convictions." *Grigsby*, 749 F.3d at 909 n.2. We likewise decline to do so here. But we note that the district court gave Grigsby the statutory maximum prison sentence "because, among other things, his crimes involved (1) a family member who had not attained the age of twelve years and (2) material that portrayed sadistic or masochistic conduct or other depictions of violence." *Id.* at 909 & n.2.

[4] Even if we interpreted this as a § 3583(e) motion, we would agree with the government that the district court didn't abuse its discretion and reach the same conclusion. *See United States v. Begay*, 631 F.3d 1168, 1170 (10th Cir. 2011) (reviewing § 3583(e) motion for abuse of discretion).

[5] As the government argues, Grigsby also couldn't raise this argument in a § 3583(e) motion. *See United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997) (holding that legality of condition of supervised release may only be challenged on direct appeal or as collateral attack under § 2255).

declining to amend the no-contact order on these grounds. The no-contact order only applies to Grigsby—not his mother. Thus, this alleged inequity doesn't stem from the district court's order, and modifying the order wouldn't alleviate it. Accordingly, we affirm the district court's order denying Grigsby's request to modify the no-contact order.

As a final matter, Grigsby asks us in his reply brief to strike the government's brief because it includes a statement of the issues, a statement of the case, and a statement of the standard of review, all of which Grigsby says are unnecessary under Federal Rule of Appellate Procedure 28. *See* Fed. R. App. P. 28(b) (specifying that appellees' briefs need not contain statements of issues, case, or standard of review "unless the appellee is dissatisfied with the appellant's statement"). We interpret Grigsby's reply brief as a motion to strike, which we deny. Rule 28(b) merely clarifies that appellees aren't required to include these statements in their briefs; it doesn't forbid them from doing so.

Entered for the Court

Nancy L. Moritz
Circuit Judge