**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL ALVARES FYKES,

    Defendant - Appellant.

No. 21-1222
(D.C. No. 1:15-CR-00221-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Michael Alvares Fykes is currently serving a three-year term of supervised release following a term of 60 months' imprisonment. Mr. Fykes filed a motion for early termination of supervised release, pursuant to 18 U.S.C. § 3583(e)(1). The United States District Court for the District of Colorado denied his motion.

Mr. Fykes then filed a second motion for termination, which the district court also denied. On appeal, he argues the district court abused its discretion in denying

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

termination of his supervised release. Because the district court did not abuse its discretion, we affirm the district court's denial of Mr. Fykes's motion.

## I. BACKGROUND

Mr. Fykes was initially charged with Human Trafficking-Sexual Servitude, in violation of Colorado Revised Statutes § 18-3-504(1)(a), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The human trafficking charge was later dismissed due to an inability to locate the alleged victim. A jury ultimately found Mr. Fykes guilty of the felon in possession of a firearm charge.

The district court sentenced Mr. Fykes to 60 months' imprisonment and a three-year term of supervised release. Mr. Fykes's presentence report included undisputed allegations regarding the dismissed human trafficking offense. Mr. Fykes filed an appeal challenging his sentence on various grounds, and this court affirmed his conviction. *United States v. Fykes*, 678 F. App'x 677, 679–80 (10th Cir. 2017) (unpublished).

Mr. Fykes began his three-year term of supervised release in October 2019. Over a year later, in November 2020, Mr. Fykes filed a motion for early termination of supervised release. The following day, the district court denied his motion without prejudice, stating "[i]f the AUSA and the probation department indicate support for early termination, the Court will reconsider." ROA Vol. I at 47. Mr. Fykes did not appeal this initial denial.

Instead, on February 21, 2021, Mr. Fykes filed a motion for reconsideration and attached a letter from his probation office in the Northern District of Georgia.

The letter indicated Mr. Fykes had so far complied with the terms of his supervised release and "commend[ed] him on his positive progress," but it also stated "[t]he probation office for the Northern District of Georgia does not support Mr. Fykes [sic] petition for early termination," because Mr. Fykes "committed a sex offense." *Id.* at 54. The probation office for the District of Colorado also filed a letter responding to Mr. Fykes's request for early termination, simply reiterating the statements made in the letter from the probation office of the Northern District of Georgia.

Citing only the letter from the District of Colorado Probation Office, the district court denied Mr. Fykes's motion for reconsideration in a minute order. Mr. Fykes filed this timely appeal, arguing the district court abused its discretion when it denied his application for early termination of supervised release. For the following reasons, we affirm.

## II. DISCUSSION

The district court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—. . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release[.]" 18 U.S.C. § 3583(e)(1). We review the district court's denial of Mr. Fykes's 18 U.S.C. § 3583(e)(1) motion for early termination of supervised release for abuse of discretion.[1] *Rhodes v.*

---

[1] Because Mr. Fykes failed to timely appeal the district court's denial of his first motion, we consider only the district court's denial of Mr. Fykes's second motion regarding the termination of his supervised release, from which he filed a timely appeal. While the motion is titled as a "motion for reconsideration,"

3

*Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). A district court abuses its discretion

when a decision is "based on a clearly erroneous finding of fact or an erroneous

conclusion of law or manifests a clear error of judgment." *United States v. McComb*,

519 F.3d 1049, 1054 (10th Cir. 2007). "Whether to grant a motion to terminate a term

of supervised release under 18 U.S.C. § 3583(e)(1) is a matter of sentencing court

discretion." *Rhodes*, 676 F.3d at 932.

Mr. Fykes argues the district court erred by (1) failing to make appropriate

findings on the record, and (2) considering the human trafficking allegations in

denying his motion.[2] We consider each argument in turn.

### A.  The District Court Made Appropriate Findings

As this court previously noted, § 3583(e)(1) explicitly requires a district court

to consider § 3553(a) and various other statutes when a district court *grants* a motion

to terminate supervised release, but it is less clear whether § 3583(e)(1) requires

explicit consideration of those factors when a district court *denies* a motion to

---

Mr. Fykes's second motion is best understood in context as a renewal of his original motion rather than an actual motion for reconsideration, which must be filed within a fourteen-day time-period following the original denial. *See United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011) (noting a motion for reconsideration "must be brought within the time for an appeal"). Because the district court left its decision on the first motion open-ended and requested additional supporting evidence such as a letter from probation, Mr. Fykes's motion is not limited by the filing restrictions on motions for reconsideration.

[2] Mr. Fykes also argues that because he was in full compliance with the conditions of his supervised release, he was entitled to termination. This is not the rule. As 18 U.S.C. § 3583(e) makes clear, a district court must consider a variety of factors to terminate a term of supervised release, compliance alone is not sufficient.

terminate supervised release, as it did here. *United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (unpublished). The district court, however, did make at least one finding. The district court's minute order denying Mr. Fykes's request for termination of supervised relief cited the probation office's letter, which concluded Mr. Fykes did not meet "the. . .criteria that have been approved by the Judicial Conference Committee on Criminal Law," because he "committed a sex offense." Supp. ROA Vol. III at 4. In doing so, the district court met § 3553(a)(1)'s requirement that the court consider "the nature and circumstances of the offense."

The district court therefore "consider[ed]" at least one factor "set forth in section 3553(a)(1)" in denying Mr. Fykes's motion to terminate his supervised release and made a finding as to the nature of the offense. 18 U.S.C. § 3583(e). Thus, even assuming § 3583(e)(1) requires the district court to make specific findings when denying early termination of supervised release, the district court did so by making a finding under the §3553(a) factors. Accordingly, Mr. Fykes's argument on this point fails.

### B. The District Court Appropriately Considered the Human Trafficking Allegations

Mr. Fykes next contends the district court erred in considering the dismissed human trafficking allegations in denying his motion. The district court's order cites only to the probation office's letter, which bases its recommendation solely on its determination that Mr. Fykes "committed a sex offense." Supp. ROA Vol. III at 5. The district court did not provide further explanation for its decision.

5

Mr. Fykes is therefore correct that the district court considered the human trafficking allegations when it relied upon the probation office's recommendation. However, while Mr. Fykes argues this was improper, "[a]t sentencing the court . . . may accept any undisputed portion of the presentence report as a finding of fact[.]" Fed. R. Crim. P. 32(i)(3)(A). And this court has been clear that "no limitation should be placed on the information concerning the background, character, and conduct of a person for the purpose of imposing an appropriate sentence." *United States v. Mateo*, 471 F.3d 1162, 1167 (10th Cir. 2006) (internal quotation marks, ellipsis, and brackets omitted). The district court was therefore entitled to consider the human trafficking allegations in deciding Mr. Fykes's renewed motion to terminate his supervised release. The district court thus did not abuse its discretion.

## III.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Mr. Fykes's motion for early termination of supervised release.  Mr. Fykes's Motion for Leave to Proceed on Appeal Without Prepayment of Costs of Fees is GRANTED.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

6