**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6632

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CONRAD ALEX SMITH, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:08-cr-00011-TSE-1)

Submitted:  February 9, 2023                    Decided:  April 24, 2023

Before NIEMEYER and KING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished opinion.  Judge Niemeyer wrote the opinion, in which Judge King and Judge Motz joined.

**ON BRIEF:** Ryan P. Campbell, KING, CAMPBELL, PORETZ & MITCHELL, PLLC, Alexandria, Virginia, for Appellant.  Raj Parekh, Acting United States Attorney, Lauren Halper, Assistant United States Attorney, Alexandria, Virginia, Aidan Taft Grano-Mickelsen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

Conrad Smith, who had been convicted in 2008 of possessing child pornography, filed a motion in the district court to modify some conditions of his supervised release in view of changed circumstances. The district court granted his motion in part, although it extended the requirement that Smith submit to polygraphs, which had been originally ordered in connection with his "mental health treatment," to a requirement that he submit to polygraphs that are "sharply focused on [his] activities and behavior relevant to [his] attempted use or possession of pornography or child pornography." Smith appeals that particular modification in the district court's order, challenging the district court's "authority" to do so and contending that the court abused its discretion because "the modification was not specifically tied to any change in circumstances from the original sentencing." To support his position, however, Smith provides no relevant authority to demonstrate that the district court exceeded its authority or abused its discretion.

In view of the authority given the district court by 18 U.S.C. § 3563(c) and § 3583(e), and the district court's focused order made in light of Smith's motion and changed circumstances, we affirm.

On January 9, 2008, Smith pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). In the statement of facts to which he agreed in connection with his guilty plea, Smith admitted to possessing between 150 and 300 images of child pornography. The images included depictions of both prepubescent girls and girls older than 12 but younger than 18, who were engaged in sexually explicit conduct. There were also depictions from the "Angeli" series, which depicted sexually explicit conduct

2

involving a known victim between the ages of 5 and 10. Finally, they included self-produced image and video files depicting a 15-year-old girl engaged in sexually explicit conduct both alone and with Smith when he was 20 years old. Following his guilty plea, the district court sentenced Smith to 51 months' imprisonment, followed by 20 years' supervised release. As a condition of his supervised release, Smith was required to participate in "a program of mental health treatment, including psychosexual testing and treatment, *polygraph* and penile plethysmograph testing, as directed by the Probation Officer." (Emphasis added).

After Smith served the term of imprisonment and while he was on supervised release, the probation officer charged Smith in March 2014 with violating the conditions of supervised release by (1) failing to follow the instructions of his probation officer; (2) possessing pornography; (3) violating his sex offender treatment contract; and (4) accessing online computer services. In April 2014, Smith was found in violation and he was ordered to serve 12 weekends in jail, but the existing conditions of his supervised release remained in effect.

In December 2015, the probation officer again charged Smith with violating the conditions of his supervised release by failing to comply with his treatment program. In response to the charge, the district court deferred ruling and imposed interim conditions, including GPS tracking and participation in therapy. Once Smith satisfied those conditions and passed a polygraph, the district court dismissed the 2015 petition.

Finally, in February 2020, Smith successfully completed his sex offender treatment.

3

Smith filed this motion on March 2, 2021, to clarify the conditions of his supervised release or to modify them in light of the fact that he had completed his sex offender treatment and had a new wife and step-children with whom he wished to reside. In his motion he sought for the court "to instruct the Office of Probation" (1) "that [he] shall not be compelled to undergo a polygraph examination that is not part of sex-offender treatment"; (2) "that [he] be permitted to reside with his [new] wife and step-children under certain conditions"; and (3) "that [he] be granted access to his treatment records."

The district court conducted a hearing on Smith's motion, and by order dated April 5, 2021, granted it in part and denied it in part. First, the court ordered that Smith be "permitted to reside with his wife and step-children," provided that he enter into a "safety contract" with the probation officer setting forth the conditions. The order provided that Smith had to comply with the terms of the safety contract and that he was not permitted to have "any unsupervised contact with his step-children." Second, the district court granted Smith access to his medical records. Third, and finally, the district court denied Smith's request to be relieved from all further polygraph examinations during the remainder of his supervised release. Instead, the court ordered that Smith continue to submit to polygraph examinations, as requested by the probation officer, and that the examinations "be sharply focused on [Smith's] activities and behavior relevant to [his] attempted use or possession of pornography or child pornography." In its order, the court explained the reason for denying this aspect of Smith's motion, which had been discussed at greater length during the hearing:

4

This requirement is necessary given the condition of supervised release that defendant shall not possess pornography of any type. Because the possession and use of pornography and child pornography tend to be clandestine in nature, polygraph examinations are necessary to ensure defendant's compliance with this condition of supervised release.

Smith filed this appeal, challenging only the portion of the district court's order continuing the requirement of polygraph examinations.

First, as to the district court's authority to modify the terms of supervised release, 18 U.S.C. § 3583(e)(2) provides that, in relation to the sentencing factors of § 3553(a), "[t]he court may . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." Moreover, requiring polygraphs as a condition of supervised release is routinely done. *See, e.g.*, *United States v. Dotson*, 324 F.3d 256, 261 (4th Cir. 2003); *see also United States v. Begay*, 631 F.3d 1168, 1175 (10th Cir. 2011) (citing *United States v. Johnson*, 446 F.3d 272, 277–78 (2d Cir. 2006); *United States v. Metzener*, 584 F.3d 928, 931 (10th Cir. 2009); *United States v. Zinn*, 321 F.3d 1084, 1090 (11th Cir. 2003); *United States v. Lee*, 315 F.3d 206, 217 (3d Cir. 2003)). Of course, any condition of supervised release must be "reasonably related" to specified § 3553(a) factors; must involve "no greater deprivation of liberty than is reasonably necessary for the purposes" of those sentencing factors; and must be consistent with pertinent policy statements of the Sentencing Guidelines. 18 U.S.C. § 3583(d)(1)–(3). But at bottom, it is clear that the district court had the authority to require polygraphs as a condition of supervised release, so long as the polygraphs furthered relevant § 3553(a) factors, which they clearly did here.

5

As to the appropriateness of the court's exercise of discretion, the court not only acted well within its discretion, but it also explicitly gave reasons for imposing the polygraph condition in this case. Smith had admitted in his guilty plea to possession of a large number of images of child pornography; he had violated his conditions of supervised release by continuing his involvement with pornography; and he had been charged with failing to comply with sex offender treatment conditions. Moreover, he was proposing to live with his new wife who had two young children. In this overall context, the court well recognized that the possession of child pornography tended to be "clandestine in nature," and therefore, to assure Smith's compliance with the prohibition against the possession and use of child pornography, the court imposed the requirement of polygraph examinations, albeit ones that are to be "sharply focused" on Smith's "attempted use or possession of pornography or child pornography." In entering this order, we find no abuse of discretion.

Accordingly, the district court's order dated April 5, 2021, is

AFFIRMED.

6